UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DENNIS WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:12-cv-1777-WTL-DML |
| ) | |
| MADISON COUNTY SHERIFF'S ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (docket no. 11). The motion is fully briefed, and the Court, being duly advised, rules as follows.

### I. STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### II. BACKGROUND

The relevant facts as alleged in the Complaint are as follow. Plaintiff Dennis Watson ("Watson") began working for Defendant Madison County Sheriff's Department ("Sheriff's Department") on October 15, 1993. He worked continuously without any disciplinary incidents

until his termination on December 16, 2011. Watson's termination was "directly attributed to a substantiated medical disability," namely his medically diagnosed condition of obstructive sleep apnea. Pl.'s Ex. 2. Watson repeatedly requested reasonable accommodations for his condition under the Americans with Disabilities Act ("ADA"), including being transferred to an open position in the Sheriff's Department facility's kitchen. All of these requests were denied.

Watson's termination resulted from a disciplinary hearing after Watson was "written up" for sleeping during his shift, which is considered an "infraction." Sheriff Ron Richardson stated during the disciplinary hearing that he was "not comfortable" with Watson being an employee for the Sheriff's Department. The Sheriff told Watson an employee at the Madison County Juvenile Center ("Juvenile Center") was interested in transferring to the Sheriff's Department, and that Watson would be able to resign from his current position and reapply at the Juvenile Center. Watson refused this offer because he would lose all of the seniority he had earned at the Sheriff's Department. After Watson refused to resign from his position, his employment was terminated.

According to Watson, on more than one occasion, Caucasian employees who worked for the Sheriff's Department who had committed infractions "were not given the same or similar discipline." Pl.'s Compl. 3. In particular, a Caucasian employee committed an infraction by negligently allowing an inmate to bring a .45 caliber handgun into a jail cell. This employee was neither demoted nor did he receive a 30 day suspension as Watson did.

Watson filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 7, 2012, alleging discrimination by the Sheriff's Department.  In the charge, he indicated by checking boxes that the discrimination was based on "disability" and "other." In the factual narrative of the charge, Watson wrote:

1. I began my employment with the Madison County Sheriff's Department on October 15, 1993 and worked continuously until being discharged on December 16, 2011.

2. During 18 years of employment I worked approximately 12 years on the day shift.

3. After being placed on night shift I began having problems with sleep apnea, but only at night, never during the day.

4. I was examined by Dr. Saiful Kabir of St. John's Hospital, by Dr. Ronald J. Blevins, surgeon, and also by Dr. Sunil J. Juthani, MD of Indiana University Medical Group in Fishers, Indiana and was found to have obstructive sleep apnea.

5. I requested to be transferred to day shift several times but was always denied.

6. I was written up when I was discovered asleep at work.

7. I was terminated after a hearing in which the Sheriff stated that he was not comfortable with me being an employee for the Sheriff's Department; also the Sheriff stated that he was aware of an employee with the Madison County Juvenile Center that wanted to work at the Sheriff Department and I could resign and go to work there. I was terminated when I would not resign due to the fact that I would lose all of my seniority and have to start all over again.

8. I am attaching a letter from my attorney with exhibits.[1]

Pl.'s Ex. 2. The EEOC issued Watson a "Notice of Right to Sue" on September 7, 2012.

On December 5, 2012, Watson filed this suit under Title VII of the Civil Rights Act of 1964 and the ADA. Watson alleges that the Sheriff's Department (1) discriminated against him on the basis of his religion, race, gender, and disability; (2) unlawfully retaliated against him for filing a charge of discrimination with the EEOC; and (3) negligently inflicted emotional distress, causing him pain and suffering as well as undue hardship. Pl.'s Compl. 3. The Sheriff's Department has now moved to dismiss Watson's employment discrimination and retaliation claims. The Sheriff's Department also moves to dismiss Watson's claim for negligent infliction of emotional distress.

---

[1] Neither the letter nor the mentioned exhibits are in the record.

### III. DISCUSSION

The Sheriff's Department makes two main arguments in support of its motion to dismiss: (1) Watson's claims for discrimination based on his religion, race, age, and gender and his claim for retaliation are barred because they are beyond the scope of his EEOC charge; and (2) Watson's claim for negligent infliction of emotional distress ("NIED") must be dismissed because Watson fails to allege any facts to support his claim. The Court will address these arguments in turn.

#### A. The EEOC Charge

The Sheriff's Department argues that because there is no factual relationship between the allegations in the EEOC charge and Watson's discrimination claims based on his religion, race, age, or gender, these claims should be dismissed.

"As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge" unless they are: (1) "like or reasonably related" to the charges already in the EEOC claim; and (2) can be expected to grow out of an EEOC investigation of those charges. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "Like or reasonably related" means the claims must have a factual relationship between them. *Id.* at 501. To be "like or reasonably related," the relevant claim and the EEOC charge "must, at minimum, describe the same conduct and implicate the same individuals." *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 257 (7th Cir. 2011) (quoting *Cheek,* 31 F.3d at 501); *see also Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination."). "The standard is a liberal one in order to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its

4

provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985). This so-called "four corners" rule serves two purposes: (1) it affords the EEOC an opportunity to settle the dispute between the employee and employer; and (2) it puts the employer on notice of the charges against it.

In the present case, Watson's EEOC charge alleges that he had been discriminated against by the Sheriff's Department because of his disability – obstructive sleep apnea – and due to discrimination based on "other" reasons.[2] Even the most liberal reading of the EEOC charge's factual narrative does not raise a claim of discrimination based on religion, race, age, or gender. Furthermore, claims of discrimination based on religion, race, age, or gender are not "like or reasonably related" to the disability discrimination claims Watson raises, nor could such charges be reasonably expected to grow out of an investigation into disability discrimination charges. As a pro se plaintiff, Watson was not required to draft his EEOC charge with a lawyer's level of precision. However, he must at least describe the conduct he considered discriminatory. Accordingly, Watson's claim under Title VII for discrimination based on religion, race, age, and gender is dismissed.

Likewise, Watson alleges that the Sheriff's Department retaliated against him for filing his EEOC charge. Title VII prohibits employers from punishing employees for complaining about discrimination or other practices that violate Title VII. 42 U.S.C. § 2000e-3(a). This type of discrimination is commonly referred to as "retaliation." However, for the same reasons discussed above, Watson's retaliation claim must also be dismissed: Watson has not included a

---

[2] The Court notes that Watson checked the "other" box. However, by simply checking "other" without further specifying what "other" discrimination he was alleging in the charge's factual narrative, Watson fails to put either the EEOC or the Sheriff's Department on notice of potential claims that may arise out of this "other" kind of alleged discrimination.

claim of retaliation in his EEOC charge and a retaliation claim is not "like or reasonably related" to the allegations in the EEOC charge he filed.

### B. Negligent Infliction of Emotional Distress

The Sheriff Department's final argument is that Watson's claim for negligent infliction of emotional distress ("NIED") should be dismissed because Watson alleges no facts that would raise such a claim. The Court agrees. In order for a plaintiff to plead an NIED claim under Indiana law, he must allege facts supporting an inference that he meets either the modified impact rule or the bystander rule. *Atl. Coast Airlines v. Cook*, 857 N.E.2d 989, 998 (Ind. 2006). Under the modified impact rule, a plaintiff states an NIED claim when he alleges facts that support an inference that he sustained a direct impact by the negligence of another and, by virtue of that direct involvement, sustained an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person. *Shuamber v. Henderson*, 579 N.E.2d 452, 456 (Ind. 1991). When direct impact is not shown, a plaintiff may invoke the bystander rule. *Cook*, 857 N.E.2d at 997. Under the bystander rule, a plaintiff alleges facts that he "actually witnessed or came on the scene soon after the death or severe injury of a loved one with a relationship to the plaintiff analogous to a spouse, parent, child, grandparent, grandchild, or sibling caused by the defendant's negligence or otherwise tortious conduct" for the purposes of stating an NIED claim. *Id.* at 997-98 (quoting *Groves v. Taylor*, 729 N.E.2d 569, 572 (Ind. 2000).

In both his EEOC charge and his complaint, Watson does not allege that he suffered any direct physical impact resulting from the Sheriff Department's negligence. As such, he fails to allege the minimum necessary to plead an NIED claim under the direct impact test. Likewise, Watson fails to allege any facts which would support a claim under the bystander test.

Accordingly, because Watson has failed to allege the facts necessary to plead a claim for NIED under either the direct impact test or bystander test, his NIED claim must be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, the Sheriff's Department's motion to dismiss is **GRANTED.**

SO ORDERED:   06/20/2013

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.